IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIO CHAVEZ,

      Petitioner,

v.                                                              1:19-cv-01151-KWR-LF

VINCENT HORTON, WARDEN, and
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Mario Chavez's pro se Petition Under 28

U.S.C. § 2254 for a Writ of Habeas Corpus, filed on December 6, 2019.  Doc. 1.  On September

29, 2021, Mr. Chavez, now with counsel, filed a Supplemental Petition Under 28 U.S.C. § 2254

for a Writ of Habeas Corpus.  Doc. 22.  Respondents filed an answer, as ordered by the Court.

Docs. 24, 30.  Mr. Chavez filed a reply.  Doc. 32.[1]  The Honorable District Judge Kea Riggs

referred this case to me to pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings,

if warranted, and to perform any legal analysis required to recommend to the Court an ultimate

disposition of the case.  Doc. 23.  Having reviewed the submissions of the parties and the

relevant law, I recommend that the Court deny Mr. Chavez's petition and supplemental petition

with prejudice.

---

[1] On April 19, 2022, Mr. Chavez filed a notice of supplemental authority, notifying the Court of
the January 20, 2022, Supreme Court decision *Hemphill v. New York*, 142 S. Ct. 681 (2022).
Doc. 33.  The notice does not state the reason for the supplemental authority, and therefore does
not comply with D.N.M.LR-Civ. 7.8(c) ("The Notice must state the reasons for the supplemental
citations, referring either to the page of the brief or to a point argued orally.").

## I.   Background Facts and Procedural Posture

On February 20, 2006, a jury found Mario Chavez guilty of first-degree murder (both felony murder and the alternative charge of deliberate killing), second-degree armed robbery, and five counts of third-degree tampering with evidence, in connection with the fatal shooting of Garland Taylor, an Albuquerque-area realtor who was showing a home when he was killed on August 16, 2004.  Doc. 30-1 at 57–66, 75-76, 81 (Exhs. K–T, W, Y).  Mr. Chavez was sentenced to a total term of life imprisonment, plus 25 years.  Doc. 30-1 at 76 (Exh. Y).

### A.   Direct Appeal

On September 14, 2006, Mr. Chavez filed a direct appeal to the New Mexico Supreme Court ("NMSC").[2]  Doc. 30-1 at 79–92 (Exh. Y).  Mr. Chavez raised the following three issues in his brief in chief:  (1) "the introduction of a plethora of irrelevant and prejudicial evidence denied [him] a fair and reliable trial"[3]; (2) the trial court erred in admitting as excited utterances/present sense impressions incriminating statements that his co-defendant, Eloy Montano, made to his wife, Dawn Pollaro, hours after the murder of Garland Taylor; (3) the conviction of five counts of tampering with evidence violated the double jeopardy clause.  Doc. 30-1 at 119–42 (Exh. DD).  On April 5, 2010, the NMSC affirmed Mr. Chavez's convictions.

---

[2] Appeals from state district court cases imposing a sentence of life imprisonment are taken directly to the New Mexico Supreme Court.  NMRA, Rule 12-102(A)(1).

[3] Specifically, Mr. Chavez raised challenges based on the testimony of six witnesses:  his ex-girlfriend Alexandra Dort-Urmann; three realtors:  Chris Meyer, Rod Miller, and Avy Drum; and two men selling luxury cars:  Nicholas Woo and Steven Coe.  Doc. 30-1 at 119–25 (Exh. DD). He also raised challenges based on the admission of a writing referred to by the parties as the "Woo Transcript," and to the admission of evidence referring to the mafia, including his mafia pseudonym of "Mario Gambino" and his fascination with the life of a hitman.  Doc. 30-1 at 124–26 (Exh. DD).

Doc. 30-1 at 202–24 (Exh. GG).[4]  The NMSC found that the district court did not abuse its discretion in admitting any of the evidence Mr. Chavez alleged was irrelevant and/or prejudicial, and provided a thorough analysis of the legal and factual basis for its decision.  Doc. 30-1 at 210–18 (Exh. GG).  The NMSC also found that the trial court did not abuse its discretion in admitting three out-of-court statements introduced through the testimony of Dawn Pollaro, and it provided a thorough analysis of the legal and factual basis for its decision.  Doc. 30-1 at 218–23 (Exh. GG).

### B.  First State Habeas Petition

On December 1, 2010, Mr. Chavez, proceeding pro se, filed his first state habeas petition. Doc. 30-1 at 225–28; Doc. 30-2 at 1–19 (Exh. II).  Mr. Chavez subsequently obtained counsel. Doc. 30-2 at 22 (Exh. LL).  On February 6, 2017, counsel filed an amended first state habeas petition raising the following arguments:  (1) trial counsel was ineffective for (a) relying on the results of polygraph exams "because the validity of the tests [was] highly suspect"; (b) rejecting a plea offer without communicating the plea to Mr. Chavez; and (c) advising Mr. Chavez to reject the plea offer after falsely advising Mr. Chavez that he had "passed" the polygraph exam; (2) the trial court abused its discretion in admitting the polygraph results; and (3) the cumulative effect of the errors of counsel and the court resulted in the denial of a fair trial.  Doc. 30-2 at 36–52 (Exh. MM).  The amended petition also adopted and restated the arguments raised in Mr. Chavez's pro se petition:  (1) trial counsel was ineffective for failing to obtain qualified experts or witnesses regarding polygraph testing and regarding "the presence of [Mr. Chavez] with his computer at a location and records related to a call just four minutes thereafter to the deceased's

---

[4] Mr. Chavez's double jeopardy claim is not part of his federal habeas petition.  The Court, therefore, does not discuss it further.

home telephone from a payphone several miles away, and regarding the appearance of the deceased's wallet at a community center in Tucson, Arizona three days later"; (2) trial counsel gave Mr. Chavez inadequate or unreasonable advice to induce him to testify; (3) trial counsel had a conflict of interest; (4) trial counsel generally failed to prepare adequately for trial.  Doc. 30-2 at 26 (Exh. MM).

Mr. Chavez, with newly appearing contract counsel, then filed an Addendum to [the] Amended Petition for Writ on Habeas Corpus.  Doc. 30-2 at 363, 365–72 (Exhs. OO, PP).  This addendum further challenged the trial court's admission of Eloy Montano's statements to Dawn Pollaro under the "excited utterance" exception to the rule against hearsay.  Specifically, Mr. Chavez argued that both trial counsel and appellate counsel were ineffective for failing to "raise the proper legal arguments supporting exclusion of the excited utterance."  Doc. 30-2 at 365 (Exh. PP).  Mr. Chavez further argued that the admission of Eloy Montano's statements to Dawn Pollaro violated his "right to confrontation, and his right to due process."  Doc. 30-2 at 366 (Exh. PP).

The Second Judicial District Court held an evidentiary hearing on Mr. Chavez's first state habeas petition on January 8 and 10, 2019.  *See* Doc. 30-2 at 391 (Exh. SS).  Mr. Chavez then filed Petitioner's Closing Arguments for Habeas Corpus Evidentiary Hearing.  Doc. 30-2 at 391–413 (Exh. SS.).  On September 6, 2019, the Second Judicial District Court denied Mr. Chavez's first state habeas petition.  Doc. 30-2 at 427–42 (Exh. VV).  The court set forth a detailed basis for its denial in a reasoned decision, citing both law and facts.  *Id*.

Mr. Chavez filed a petition for writ of certiorari with the NMSC.[5]  Doc. 30-2 at 443–53 (Exh. WW).  The NMSC summarily denied the petition.  Doc. 30-3 at 105 (Exh. XX).  Mr. Chavez filed a motion asking the NMSC to reconsider its denial of the petition.  Doc. 30-3 at 109–112 (Exh. ZZ).  The NMSC summarily denied this motion too.  Doc. 30-3 at 119 (Exh. EEE).

### C.  Second State Habeas Petition

On March 25, 2020, Mr. Chavez, again proceeding pro se, filed his second state habeas petition.  Doc. 30-3 at 120–72 (Exh. FFF).  Mr. Chavez filed two supplements to this petition.  Doc. 30-4 at 97–112 (Exh. III), 159–73 (Exh. LLL).

On January 22, 2021, the Second Judicial District Court entered an order denying Mr. Chavez's second state habeas petition.  Doc. 30-4 at 270–75 (Exh. NNN).  The court read Mr. Chavez's petition as raising the following issues:

a. Petitioner claims ineffective assistance of counsel from counsel's failure to object on confrontation grounds to the statements of Eloy Montano.  Similarly, Petitioner claims appellate counsel failed to investigate or raise the issue regarding the Confrontation Clause;

b. Petitioner contends trial counsel was operating under a conflict of interest because, at the evidentiary hearing, trial counsel noted that to do nothing for Petitioner's defense would have been malpractice.  Based on this statement, Petitioner argues trial counsel put his own interests before Petitioner;

c. Under Rule 11-410, the polygraph results should never have been admitted as they were statements made for purposes of plea negotiations and trial counsel should have objected to their admission;

---

[5] New Mexico habeas petitions are initially filed in the district court.  *See* NMRA, Rule 5-802.  Petitions for the issuance of writs of certiorari seeking review of denials of habeas corpus petitions by the district court are filed with the New Mexico Supreme Court.  NMRA, Rule 12-501 *see also Cummings v. State*, 2007-NMSC-048, ¶ 9, 142 N.M. 656, 659, 168 P.3d 1080, 1083.

    d. Appellate counsel was ineffective for failing to investigate and present the denial of Petitioner's confrontation rights; and

    e. Habeas counsel's actions were detrimental to Petitioner's claims.

Doc. 30-4 at 271–72 (Exh. NNN).  The court summarily dismissed Mr. Chavez's claim against his habeas counsel regarding the hiring of an expert for failing "to allege what expert could have been hired, the testimony that would have been provided, or that an expert would have changed the result."  Doc. 30-4 at 272 (Exh. NNN).  And, with the exception of Mr. Chavez's Confrontation Clause claims, the court dismissed all of Mr. Chavez's other claims because they had already been adjudicated by the court.  Doc. 30-4 at 272–73 (Exh. NNN).  The court found that Mr. Chavez was not entitled to relief on his Confrontation Clause claims "because the files, pleadings, and records show that it was trial counsel who sought the admission of Eloy Mont[ano]'s statements and argued against the admission of the entirety of those statements."  Doc. 30-4 at 273 (Exh. NNN).  The court noted that the strategy of Mr. Chavez's trial counsel "was to show that Eloy Montano was a liar, to discredit him as a witness, and to shift the focus from Petitioner as the shooter to Eloy."  Doc. 30-4 at 273 (Exh. NNN).  The court analyzed Mr. Chavez's Confrontation Clause claims as follows:

    15. Although Petitioner continuously asserts Eloy Montano was granted use immunity, the record does not support this assertion.  The Statement of Issues indicates no use immunity had been granted and a September 30, 2005, notice filed by the State indicated use immunity was not forthcoming.  Petitioner's assertion that Eloy Montano was granted use immunity is based on the use immunity granted on February 1, 2006; however, this grant of immunity was for the testimony of Victoria Chavez, not Eloy Montano.

    16. On January 12, 2006, Petitioner moved for the admission of certain statements of Eloy Montano, arguing the statements affected the state of mind and subsequent actions of law enforcement officers.  The record indicates Petitioner sought to use the statements Eloy Montano made to law enforcement strategically to demonstrate Eloy had lied to police to cover-up his involvement and shift the blame to Petitioner.  The record further indicates trial counsel initially argued successfully against admitting the entirety of the statements and it was only in

response to trial counsel's questioning of Detective Hix that the decision, after argument of the parties, to admit the entirety of the statement was made.

17. Further, it appears appellate counsel, after reviewing the transcripts of the trial, made a strategic decision not to present the confrontation argument.

18. The record does not support Petitioner's claims that the State intended to present the statements of Eloy Montano contrary to Petitioner's confrontation rights from the outset of the trial and does not support Petitioner's contention that trial counsel failed to address the confrontation issue.

19. It appears there were reasonable strategic decisions made regarding the use of Eloy Montano's statements and whether to present arguments regarding the Confrontation Clause challenges on appeal. *See Garcia,* 2011-NMSC-003, ¶ 33; *see also State v. Rojo,* 1999-NMSC-001,¶ 64, 126 N.M. 438 (noting that if an error "can be justified as a trial tactic or strategy," that error is not unreasonable).

20. Petitioner has failed to establish ineffective assistance of counsel related to trial counsel or appellate counsel's failure to raise Confrontation Clause claims. *See State v. Baca,* 1997-NMSC-059, ¶ 24, 124 N.M. 333 (If a defendant does not make the required showing, he "has not carried his or her burden, and the presumption of effective assistance controls." (citations omitted)).

Doc. 30-4 at 274–75 (Exh. NNN).

Mr. Chavez, then represented by Jason Bowles, filed a petition for writ of certiorari in the

NMSC.  Doc. 30-4 at 276–90 (Exh. OOO).  The petition presented a single question for review:

> Did the District Court err in concluding that there had been no ineffective assistance of trial or appellate counsel for their failure to argue and raise confrontation clause challenges to the testimony of Petitioner's co-defendant, Eloy Montano?

Doc. 30-4 at 277 (Exh. OOO).  The NMSC denied the petition for writ of certiorari.  Doc. 30-5 at

7 (Exh. SSS).  Mr. Chavez then filed two seemingly identical motions for reconsideration.  Doc.

30-5 at 8–67. (Exhs. TTT and UUU).  On June 29, 2021, the NMSC denied the motion for

reconsideration.  Doc. 30-5 at 69 (Exh. VVV).

## II.   Mr. Chavez's Claims

Mr. Chavez raises five arguments in his § 2254 petitions—four in his pro se petition and one in his counseled supplemental petition.  In his pro se petition, Mr. Chavez raises the following arguments:

1. Confrontation Clause violation "due to the unconstitutional admission of non-testifying co-defendant's inculpatory statements, wrongly admitted as 'excited utterances.'"

2. "The introduction of a plethora of irrelevant and prejudicial evidence denied petitioner a fair and reliable trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution."

3. "Trial counsel was ineffective in failing to object on hearsay and confrontation grounds to critical testimony by co-defendant's spouse which brought forth inculpatory statements by non-testifying co-defendant."

4. "Trial counsel ineffective for misrepresentations related to polygraphs, and for failure to investigate or procure experts and witnesses to corroborate petitioner's account of events or collateral circumstances surrounding events of the crime."

Doc. 1 at 6, 8, 9, 10.  In his counseled supplemental petition, Mr. Chavez raises a fifth argument:

5. "[T]he District Court erroneously denied his Second Habeas Petition by summarily concluding that the ineffective assistance of his trial and appellate counsel in failing to argue or defend against the infringement upon his Sixth Amendment rights as discussed in *Crawford* was merely a strategic decision."

Doc. 22 at 11.  For the reasons explained below, I find that none of these claims have merit.  I therefore recommend that the Court deny Mr. Chavez's petitions with prejudice.

## III.   Federal Habeas Claims under the AEDPA

The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case.  A petition for habeas corpus under § 2254 attacks the constitutionality of a state prisoner's conviction and continued

detention.  A federal court cannot grant habeas relief pursuant to § 2254(d) with respect to any

claim adjudicated on the merits by a state court unless the petitioner's state-court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), there is a two-step inquiry.  The threshold question is whether the

applicant seeks to invoke a rule of law that was clearly established by the Supreme Court at the

time the conviction became final.  *Byrd v. Workman*, 645 F.3d 1159, 1165 (10th Cir. 2011); *see*

*also Williams v. Taylor*, 529 U.S. 362, 390 (2000).  If the law was clearly established, then the

court determines whether the state court decision was "contrary to or involved the unreasonable

application of that clearly established federal law." *Byrd*, 645 F.3d at 1165 (quoting *Turrentine*

*v. Mullin*, 390 F.3d 1181, 1189 (10th Cir. 2004)) (internal quotation marks omitted).

The term "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as

opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court

decision." *Williams*, 529 U.S. at 412.  A state court decision is "contrary to" Supreme Court

precedent if it "applies a rule that contradicts the governing law set forth in [those] cases." *Id*. at

405.  The Supreme Court has interpreted the term "contrary to" as meaning, *inter alia*,

"diametrically different" and "opposite in character and nature." *Id.*  Therefore, habeas relief

under § 2254(d)(1) may be granted only where the state court "applies a rule that contradicts the

governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are

materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a

result different from [that] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003).  The state

court need not cite applicable Supreme Court cases or even to be aware of such cases, "so long as neither the reasoning nor the result of the state-court decision contradicts [that precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court decision unreasonably applies Supreme Court precedent if it "identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. However, "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court . . . [applied] clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (internal quotation marks and citations omitted). "Rather, that application must be objectively unreasonable." *Id*. at 76.

Under AEDPA, state court findings of fact are "presumed to be correct." 28 U.S.C. § 2254(e)(1). Accordingly, petitioners challenging a state court's decision based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2) must show by clear and convincing evidence that the determination was factually erroneous. *See Miller-El v. Dretke*, 545 U.S. 231, 240 (2005).

Lastly, where state courts have adjudicated a claim on its merits, federal courts are limited to reviewing the record as it stood before the state courts. *Cullen v. Pinholster*, 563 U.S. 179, 180–81 (2011) (citing § 2254(d)(1)). In other words, federal courts may not hold evidentiary hearings on claims that the state court decided on their merits. *Id.* at 181; *Littlejohn v. Trammell*, 704 F.3d 817, 857 (10th Cir. 2013). "'Adjudicated on the merits' [means] a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Wilson v. Workman*, 577 F.3d 1284, 1308 (10th Cir. 2009) (internal quotation marks omitted), *overruled*

*on other grounds as recognized in Lott v. Trammell*, 705 F.3d 1167 (10th Cir. 2013).  Thus, summary decisions, even those completely devoid of any reasoning at all, can constitute decisions "on the merits" for purposes of AEDPA.  *Harrington v. Richter*, 562 U.S. 86, 98 (2011).  When the state's highest court offers no explanation for its decision, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale.  It should then presume that the unexplained decision adopted the same reasoning."  *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

"Even if a state court resolves a claim in a summary fashion with little or no reasoning, [federal courts] owe deference to the state court's result."  *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003).  The Supreme Court has held that the standard is "highly deferential" to state courts and "difficult to meet," as it "demands that state-court decisions be given the benefit of the doubt."  *Pinholster*, 563 U.S. at 181 (quoting *Richter*, 562 U.S. at 101; *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)); *see also Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012) ("Under [AEDPA,] a federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the [petitioner's] claims.").

For federal habeas claims not adjudicated on the merits in state courts, the Court must review the claim *de novo*, and the deferential standards of § 2254(d) do not apply.  *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

## IV.  Analysis

### A.  Mr. Chavez fails to show any error in the state court's denial of his argument that the trial court erred in admitting statements of Dawn Pollaro under the "excited utterances" exception. (Ground One)

Eloy Montano was a co-defendant of Mr. Chavez.[6]  Eloy Montano invoked his Fifth Amendment right not to testify.  Dawn Pollaro was Eloy Montano's wife.  At trial, the State sought to introduce Ms. Pollaro's testimony about statements that Eloy Montano made to her the day of the murder.  The Court allowed Ms. Pollaro to testify about two of Eloy Montano's statements, finding that one statement was admissible as an excited utterance and the other as a present sense impression.

In Ground One of his § 2254 petition, Mr. Chavez argues that the trial court violated the Confrontation Clause "due to the unconstitutional admission of non-testifying co-defendant's inculpatory statements, wrongly admitted as 'excited utterances.'"  Doc. 1 at 5.  The entirety of Mr. Chavez's argument related to this issue is as follows:

> Trial court ruled that co-defendant's statements to his spouse, at least two hours after the commission of the crime, were "excited utterances," applying only one of the three prongs required under the *Wigmore* test utilized for establishing such an exception to the hearsay rule.  The contrivance and misrepresentation of the codefendant, documented in the record, was and is the key issue.  The codefendant's statements were inadmissible because he had engaged in felonious actions such as evasion and tampering with evidence between the time of the event in question and statements made to [his] wife; they were also self-serving as the record shows.

*Id*.  Mr. Chavez did not address this ground further in his counseled supplemental petition.  *See* Doc. 22.

---

[6] The facts in this paragraph are taken from Mr. Chavez's brief in chief on his direct appeal.  *See* Doc. 30-1 at 131–32 (Exh. DD).  This brief also summarizes Mr. Montano's statements and Ms. Pollaro's trial testimony about these statements.  S*ee id.*

Mr. Chavez does not state a claim under the Confrontation Clause in Ground One.  Mr. Chavez offers no explanation in law or fact as to how his rights under the Confrontation Clause have been violated.  *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) ("[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim . . . .").  "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."  *Id*. at 162–63.

The substance of Mr. Chavez's argument in Ground One is actually about hearsay, not the Confrontation Clause.  Indeed, Mr. Chavez cites no law related to the Confrontation Clause in Ground One of his petition.  The only law Mr. Chavez cites is "the *Wigmore* test."  Doc. 1 at 5.  The *Wigmore* test is the law New Mexico follows to determine the admissibility of excited utterances as exceptions to the hearsay rule.[7]  *See State v. Maestas*, 1978-NMCA-084, ¶ 23, 92 N.M. 135, 141, 584 P.2d 182, 188.  In his direct appeal, Mr. Chavez argued that the "testimony offered by Dawn Pollaro was hearsay and the trial court erred in admitting these statements" under the excited utterance and present sense impression exceptions.  Doc. 30-1 at 133–36.  The NMSC denied relief based on this ground.  Doc. 30-1 at 219–21.  The argument Mr. Chavez raises in Ground One of his federal habeas petition is the same argument he raised in his direct

---

[7] The *Wigmore* test has three parts:

(1) "There must be some shock, startling enough to produce this nervous excitement and render the utterance spontaneous and unreflecting."  *State v. Buck*, 1927-NMSC-057, ¶ 4, 33 N.M. 334, 266 P. 917, 918 (quoting WIGMORE ON EVIDENCE, § 1750).

(2) "The utterance must have been before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance."  *Id*.

(3) "The utterance must relate to the circumstances of the occurrence preceding it."  *Id*.

appeal about excited utterances.  *Compare* Doc. 1 at 5 *with* Doc. 30-1 at 133–36.  Mr. Chavez

fails to show that he is entitled to federal habeas relief on this issue.

When the state court explains its decision on the merits in a reasoned opinion, "a federal

habeas court simply reviews the specific reasons given by the state court and defers to those

reasons if they are reasonable."  *Wilson*, 138 S. Ct. at 1192.  To obtain habeas relief in federal

court, "a state prisoner must show that the state court's ruling on the claim being presented in

federal court was so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington*,

562 U.S. at 103.  Federal habeas review is not "a vehicle to second-guess the reasonable

decisions of state courts."  *Renico v. Lett*, 559 U.S. 766, 779 (2010).  Mr. Chavez fails to show

any error in the state court's ruling.  In fact, Mr. Chavez does not even discuss the state court's

ruling on this issue.  Mr. Chavez neither argues nor demonstrates that the state court decision

"was contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States."  *See* 28 U.S.C. § 2254(d)(1).  Mr.

Chavez neither argues nor demonstrates that the state court decision resulted in a decision that

was "based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceedings."  *See* 28 U.S.C. § 2254(d)(2).  Mr. Chavez therefore fails to show

that he is entitled to federal habeas relief.

Mr. Chavez filed his initial habeas petition pro se.  Doc. 1.  In general, a pro se petition,

"however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation

omitted).  However, Mr. Chavez is no longer proceeding pro se.  Mr. Chavez obtained counsel in

this case before an answer was filed.  *See* Doc. 19.  Mr. Chavez's counsel, therefore, could have

14

amended his habeas petition.  *See* FED. R. CIV. P. 15(a)(1)(B); Rules Governing § 2254 Cases,

Rule 12 (in general, the Federal Rules of Civil Procedure apply to § 2254 petitions).  Because

Mr. Chavez obtained counsel, he is not entitled to rely on the less stringent standards afforded

pro se litigants.  Even if Mr. Chavez were entitled to the more lenient pro se standards—which

the Court does not find—he would not be entitled to relief.  Even if the Court were to apply a

liberal construction to Mr. Chavez's habeas petition, the Court "may not rewrite a petition to

include claims that were never presented."  *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021)

(internal citation and alteration omitted).  The Court is not obligated to craft legal theories for the

plaintiff or to supply factual allegations to support the plaintiff's claims.  *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  Nor may the Court assume the role of advocate for the pro se

litigant.  *Id.*

Mr. Chavez fails to demonstrate that he is entitled to habeas relief on Ground One.  I

recommend that the Court deny his request for relief on Ground One with prejudice.

### B. Mr. Chavez fails to show any error in the state court's denial of his argument that the introduction of a plethora of irrelevant and prejudicial evidence denied him a fair and reliable trial. (Ground Two)

In Ground Two of his § 2254 petition, Mr. Chavez argues that the "introduction of a

plethora of irrelevant and prejudicial evidence denied [him] a fair and reliable trial as guaranteed

by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution."  Doc. 1 at 7.  The

entirety of Mr. Chavez's argument related to this issue is as follows:

> Prior to trial, defense counsel filed a motion in limine to exclude an array of
> evidence that was irrelevant or prejudicial.  Similar motions were heard during the
> course of the trial.  Evidence included the testimony of Chris Meyer, Rod Miller,
> Avy Drum, Nicholas Woo, Steven Coe and Alexandra Dort; other evidence was
> the Woo script and the Gambino-mafia-hitman evidence.  Altogether not relevant
> to a disputed issue other than the petitioner's character and the probative value
> was not outweighed by the prejudicial effect.  It presented a prejudicial image of
> petitioner that would have been difficult to separate from the evidence concerning

> the murder in question.  The testimonies were used as other-acts evidence and involved time periods of weeks, months, or more than a year prior to the issues at hand, related to behaviors of the petitioner that called into question his character through past conduct.

Doc. 1 at 7.  Mr. Chavez did not address this ground further in his counseled supplemental petition.  *See* Doc. 22.

Mr. Chavez raised these same arguments in his direct appeal.  *See* Doc. 30-1 at 119–30 (Exh. DD).  The NMSC rejected these arguments in his direct appeal, and explained in careful detail (1) the relevance of the challenged evidence; (2) the evidentiary rules pursuant to which the evidence was admitted; and (3) why the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice to Mr. Chavez.  Doc. 30-1 at 210–19 (Exh. GG).

When the state court explains its decision on the merits in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."  *Wilson*, 138 S. Ct. at 1192.  To obtain habeas relief in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington*, 562 U.S. at 103.  Federal habeas review is not "a vehicle to second-guess the reasonable decisions of state courts."  *Renico*, 559 U.S. at 779.  Mr. Chavez fails to show any error in the state court's ruling.  In fact, Mr. Chavez does not even discuss the state court's ruling on these issues.  Mr. Chavez neither argues nor demonstrates that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  *See* 28 U.S.C. § 2254(d)(1).  Mr. Chavez neither argues nor demonstrates that the state court decision resulted in a decision that was "based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. § 2254(d)(2).  In short, Mr. Chavez fails to demonstrate that he is entitled to habeas relief on Ground Two.  I recommend that the Court deny his request for relief with prejudice.

### C. Mr. Chavez fails to show any error in the state court's denial of his ineffective assistance of counsel claims. (Grounds Three and Four and Supplemental Habeas Petition (Ground 5))

Mr. Chavez raises three ineffective assistance of counsel arguments:  Ground Three, Ground Four, and the argument in his Supplemental Habeas Petition, Ground 5.  For the reasons explained below, none of Mr. Chavez's ineffective assistance of counsel claims have merit.

Courts evaluate ineffective assistance of counsel claims under the two-prong test described in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).  The *Strickland* test is clearly established federal law within the meaning of § 2254(d). *Cullen*, 563 U.S. at 189. Under *Strickland*, a petitioner must show by a preponderance of the evidence both that his or her counsel's performance "fell below an objective standard of reasonableness" *and* that "the deficient performance prejudiced the defense." *Simpson v. Carpenter*, 912 F.3d 542, 593 (10th Cir. 2018) (quoting *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011)) (emphasis in original).  Courts identify these prongs as the performance prong and the prejudice prong. *See, e.g.*, *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005).  "These two prongs may be addressed in any order, and failure to satisfy either is dispositive." *Hooks v. Workman,* 689 F.3d 1148, 1186 (10th Cir. 2012).

When this Court reviews an ineffective assistance of counsel claim, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's*

standard." *Harrington*, 562 U.S. at 100–01.  A court reviewing an ineffective assistance of counsel claim under both AEDPA and *Strickland* is "highly deferential, and when the two apply in tandem, review is 'doubly' so." *Simpson*, 912 F.3d at 594 (quoting *Harrington*, 562 U.S. at 105).

To obtain federal habeas relief from a state court decision denying an ineffective assistance claim on the merits, a petitioner first must show that the state-court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Jones v. Warrior*, 805 F.3d 1213, 1218 (10th Cir. 2015) (quoting 28 U.S.C. § 2254(d)).

Mr. Chavez fails to demonstrate that the state courts' decisions applying *Strickland* are contrary to or involved an unreasonable application of clearly established law, or are based upon an unreasonable determination of the facts.  The Court therefore should deny Mr. Chavez's claims of ineffective assistance of counsel with prejudice.

### 1. Mr. Chavez fails to show any error in the state court's denial of his ineffective assistance of counsel claims.  (Grounds Three and Four)

In Ground Three of his § 2254 petition, Mr. Chavez argues that "trial counsel was ineffective in failing to object on hearsay and Confrontation grounds to critical testimony by co-defendant's spouse which brought forth inculpatory statements by non-testifying co-defendant." Doc. 1 at 8.  His argument related to this issue is as follows:

> Trial counsel admitted at pretrial hearing (2-2006) to having failed to prepare his argument.  He didn't know controlling caselaw and evidentiary rules and thereby could not properly object.  The evidence proposed was a statement by a nontestifying co-defendant that was made to his wife and inculpated the defendant.  At evidentiary hearing trial counsel asserted that he had been prepared, though he was impeached by the record in the transcripts from aforementioned pretrial hearing.

Doc. 1 at 8.

In Ground Four of his § 2254 petition, Mr. Chavez argues that "trial counsel was ineffective for misrepresentations related to polygraphs and for failure to investigate or procure experts and witnesses to corroborate petitioner's account of events or collateral circumstances surrounding events of the crime." Doc. 1 at 10. His argument related to this issue is as follows:

> At a hearing on 7-22-2005 trial counsel falsely represented in[c]onclusive polygraph exams taken by petitioner as 'passed' to the court, state, and petitioner. He then disclosed the inconclusive exams to the state against assurances made to the petitioner to the contrary. Trial counsel did so through a series of unreasonable strategic decisions by placing the petitioner's entire defense behind inconclusive exams. Trial counsel erroneously spent all funds available for investigation on polygraphs and spent no[t] much more than $50.00 for private investigation on the voluminous facts the petitioner had identified as relevant.

> Those facts included the anim[]us of the petitioner's business partners in Arizona, their death threats against him; the mysterious appearance of the victim's wallet in one of those partner's locker room[s] in Tucson, AZ, when the petitioner was in Texas and could not have caused that to happen. The allegation that the petitioner's co-defendant was engaged by that enterprise to setup the petitioner and possibly kill him as well. Further questions related to how the petitioner's digital alibi made it highly improbable for him to have made the phone call from a pay phone that lured the victim to the residence in question; but how the co-defendant's own statements to the police placed him at the exact location where payphone call was made. Questions of how co-defendant came to own the murder weapon he found for the police after the shooting by convincing defendant to buy it for him. Those questions were not addressed due to the upfront focus on polygraphs. Trial counsel admitted at evidentiary hearing that the final decisions on how to spend the money were his.

Doc. 1 at 10, 16.

Plaintiff raised the same ineffective assistance of counsel claims he sets forth in Grounds Three and Four in his first state court habeas petition and the addendum to that petition. *See* Doc. 30-2 at 23–53 (Exh. MM); Doc. 30-2 at 365–72 (Exh. PP); *see also* reply, Doc. 30-2 at 380–89 (Exh. RR), and written closing arguments, Doc. 30-2 at 391–409 (Exh. SS).

The Second Judicial District Court held a two-day evidentiary hearing, and issued a detailed order denying Mr. Chavez's ineffective assistance of counsel claims.  Doc. 30-2 at 427–42 (Exh. VV).  The state court correctly identified *Strickland* as the controlling authority.  *See* Doc. 30-2 at 428–29.  And the state court reasonably applied *Strickland* in analyzing Mr. Chavez's claims of ineffective assistance of counsel.  *See* Doc. 30-2 at 429–38.

When the state court explains its decision on the merits in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson*, 138 S. Ct. at 1192.  To obtain habeas relief in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.  Federal habeas review is not "a vehicle to second-guess the reasonable decisions of state courts." *Renico*, 559 U.S. at 779.  Mr. Chavez fails to show any error in the state court's ruling.  In fact, Mr. Chavez does not even discuss the state court's ruling on these issues.  Mr. Chavez neither argues nor demonstrates that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1).  Mr. Chavez neither argues nor demonstrates that the state court decision resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. § 2254(d)(2).  Mr. Chavez therefore is not entitled to relief under § 2254(d).  I recommend that the Court deny Grounds Three and Four with prejudice.

**2.  Mr. Chavez's supplemental petition (Ground Five) neither invokes nor demonstrates the legal standards applicable to habeas petitions under 28 U.S.C. § 2254 and should be denied on this basis.**

In his supplemental petition, Mr. Chavez, now with counsel, argues that "the District Court erroneously denied his Second [State] Habeas Petition by summarily concluding that ineffective assistance of his trial and appellate counsel in failing to argue or defend against the infringement upon his Sixth Amendment rights as discussed in *Crawford* was merely a strategic decision."  Doc. 22 at 11.  The supplemental petition is a near verbatim recitation of Mr. Chavez's two *Motion[s] for Reconsideration of Order Denying Petition for Writ of Certiorari to the Second Judicial District Court of New Mexico*.  *Compare* Doc. 22 *with* Doc. 30-5 at 8–67 (Exhs. TTT and UUU).

Mr. Chavez's supplemental petition neither invokes nor demonstrates the legal standards applicable to habeas petitions under 28 U.S.C. § 2254.  To show that he is entitled to relief under § 2254, Mr. Chavez bears the burden, *Beachum v. Tansy*, 903 F.2d 1321, 1325 (10th Cir. 1990), of demonstrating that the state court's adjudication of the merits of his ineffective assistance of counsel claims

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Harrington*, 562 U.S. at 101 (For ineffective assistance of counsel claims, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland*'s standard.  Were that the inquiry, the analysis would be no different than if,

for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court.").

In addition to failing to invoke the correct legal standards, Mr. Chavez's supplemental petition fails to cite "clearly established Federal law, as determined by the Court of the United States." 28 U.S.C. § 2254(d)(1). Instead, Mr. Chavez's supplemental petition repeatedly cites New Mexico case law. *See*, *e.g.*, Doc. 22 at 11–12 (arguing that the state court erred in failing to hold an evidentiary hearing and citing New Mexico case law in support of this argument); Doc. 22 at 15–16 (discussing testimonial statements and citing New Mexico cases); Doc. 22 at 18–21 (discussing New Mexico cases decided both before and after Mr. Chavez's conviction to support argument that counsel was ineffective); Doc. 22 at 24–26 (citing New Mexico cases regarding preservation of Confrontation Clause challenges).

Respondents argue that, rather than presenting an articulated claim under § 2254, Mr. Chavez is merely seeking another layer of appellate review for the state courts' decisions. Doc. 30 at 23. The Court agrees. First, Mr. Chavez's supplemental petition does not cite to legal standards governing § 2254 review. Second, Mr. Chavez's supplemental petition does not explain how the "state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 100. Third, Mr. Chavez's supplemental petition relies heavily on cases from the New Mexico courts, which are irrelevant to § 2254 review,[8] instead of explaining how the state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d)(1). Finally, Mr. Chavez's supplemental petition is a near verbatim recitation of his two *Motion[s] for Reconsideration of Order Denying Petition*

---

[8] The threshold question in analyzing a § 2254 petition is whether the applicant seeks to invoke a rule of law that was clearly established by the Supreme Court at the time the conviction became final. *Byrd*, 645 F.3d at 1165.

*for Writ of Certiorari to the Second Judicial District Court of New Mexico*. *Compare* Doc. 22 *with* Doc. 30-5 at 8–67 (Exhs. TTT and UUU). "The manner in which [Mr. Chavez's] claim is currently presented reflects that he may be looking to this Court to simply provide another level of appellate review . . . . As such, [Mr. Chavez] misunderstands the role of this Court . . . ." *Trimble v. Hansen*, No. 18-CV-01336-GPG, 2018 WL 10466854, at \*1 (D. Colo. July 3, 2018). Federal courts do not sit as "super-appellate" courts to reconsider state court decisions. *Id.* (citing *Brown v. McKune*, 221 F. App'x. 806, 806–07 (10th Cir. 2007) (unpublished)).

Mr. Chavez's supplemental petition does not contain any clear argument for relief under 28 U.S.C. § 2254(d). The Court will not comb through Mr. Chavez's briefing to salvage those portions that could be used to support a § 2254 petition. Nor can the Court make Mr. Chavez's arguments for him. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"). "In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments and '[t]he adversarial process cannot properly function when one party ignores its obligations under the rules.'" *Alejandre-Gallegos v. Holder*, 598 F. App'x. 604, 605 (10th Cir. 2015) (unpublished) (quoting *MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1160 (10th Cir.2007)). Mr. Chavez has failed to bear his burden of showing that he is entitled to relief under 28 U.S.C. § 2254(d).

## V.    Recommendation

Mr. Chavez fails to show that the state court erred in adjudicating the claims raised in his habeas petition and supplemental habeas petition. I therefore recommend that the Court deny Mr. Chavez's Petition and Supplemental Petition Under 28 U.S.C. § 2254 for a Writ of Habeas

Corpus (Docs. 1, 22) and dismiss this case with prejudice.  Because I recommend that the Court dismiss his petitions, I recommend that the Court deny his request for an evidentiary hearing. Doc. 22 at 31; *see also Shinn v. Ramirez,* 142 S. Ct. 1718, 1728 (2022) (holding that AEDPA "bars evidentiary hearings in federal habeas proceedings initiated by state prisoners" in all but extraordinary circumstances" which are not met here).

## VI.    Certificate of Appealability

Lastly, I address whether Mr. Chavez is entitled to a certificate of appealability.  No appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability may issue only if Mr. Chavez "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As set forth above, Mr. Chavez has failed to make this showing.  I therefore recommend that the Court deny Mr. Chavez a certificate of appealability.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id*.  In other words, if no objections are filed, no appellate review will be allowed.

---

Laura Fashing
United States Magistrate Judge