IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIO CHAVEZ,

      Petitioner,

v.                                    No. 1:19-cv-01151-KWR-LF

VINCENT HORTON, WARDEN, and
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

      Respondents.

**MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE
JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court under 28 U.S.C. § 636(b)(1) on the Magistrate

Judge's Proposed Findings and Recommended Disposition ("PFRD"), Doc. 36, and on Petitioner

Mario Chavez's Objections to Proposed Findings and Recommended Disposition (the

"Objections"), Doc. 40. Respondents filed a Response to Mario Chavez's Objections on April 3,

2023. Doc. 41.[1] The Court overrules Petitioner's Objections and adopts the Magistrate Judge's

Proposed Findings and Recommended Disposition.

**I.    Background Facts and Procedural Posture**

The background and posture of this case are ably laid out in detail in the PFRD and need

not be exhaustively repeated here. In brief: in 2006, Mario Chavez was found guilty on several

counts, including first degree murder, and sentenced to a term of life imprisonment, plus 25

---

[1] Mr. Chavez also filed a Reply in support of his Objections. Doc. 42. Rule 72(b) does not
contemplate reply briefs; the rule only allows responses to objections. FED. R. CIV. P. 72(b)(2).
Nonetheless, the Court has reviewed the Reply, and it does not change the Court's analysis.

years. Doc. 30-1 at 57–66, 75-76, 81. Mr. Chavez filed a direct appeal to the New Mexico

Supreme Court ("NMSC"), which affirmed his convictions. Doc. 30-1 at 79–92, 202–24. He

petitioned for state habeas relief, first in 2010, Doc. 30-1 at 225–28; Doc. 30-2 at 1–19, and

again in 2020, Doc. 30-3 at 120–72. Both petitions were denied, as were subsequent petitions for

writs of certiorari to the NMSC. Doc. 30-2 at 427–42; Doc. 30-4 at 270–75; Doc. 30-2 at 443–

53; Doc. 30-5 at 7.

On December 6th, 2019, proceeding pro se, Mr. Chavez filed a petition for a Writ of

Habeas Corpus under 28 U.S.C. § 2254 in this Court, arguing four grounds for relief:

1.   Confrontation Clause violation "due to the unconstitutional admission of non-testifying co-defendant's inculpatory statements, wrongly admitted as 'excited utterances.'"
2.   "The introduction of a plethora of irrelevant and prejudicial evidence denied petitioner a fair and reliable trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution."
3.   "Trial counsel was ineffective in failing to object on hearsay and confrontation grounds to critical testimony by co-defendant's spouse which brought forth inculpatory statements by non-testifying co-defendant."
4.   "Trial counsel ineffective for misrepresentations related to polygraphs, and for failure to investigate or procure experts and witnesses to corroborate petitioner's account of events or collateral circumstances surrounding events of the crime."

Doc. 1 at 6, 8, 9, 10.

Mr. Chavez later retained counsel, Doc. 19, and filed a counseled supplemental petition,

arguing one further ground for relief:

5.   "[T]he District Court erroneously denied his Second Habeas Petition by summarily concluding that the ineffective assistance of his trial and appellate counsel in failing to argue or defend against the infringement upon his Sixth Amendment rights as discussed in *Crawford* was merely a strategic decision."

Doc. 22 at 11.

In the PFRD, Magistrate Judge Fashing found that Mr. Chavez's Ground One

Confrontation Clause argument did not state a claim under the Confrontation Clause, but instead

repeated a state law argument about hearsay. Doc. 36 at 12–15. His other claims concerning

denial of a fair trial and ineffective assistance of trial and appellate counsel contained no clear argument for relief under 28 U.S.C. § 2254(d) because petitioner neither cited clearly established federal law nor attempted to demonstrate that the state courts' decisions were contrary to or unreasonably applied such law. *Id.* at 15–23. The Magistrate Judge recommended that the Court deny the petition and dismiss this case with prejudice. *Id.* at 23–24. The Magistrate Judge also recommended that the court deny Mr. Chavez's request for an evidentiary hearing and deny a certificate of appealability. *Id.*

In the PFRD, the Magistrate Judge notified the parties of their right to file written objections within fourteen days after service of the PFRD and advised that the filing of written objections was necessary to preserve any issue for appellate review. *Id.* at 24. After an extension of time, Mr. Chavez filed written objections to the PFRD on March 20, 2023. Doc. 40. Respondents did not object to the PFRD; they urged the Court to overrule Mr. Chavez's objections and deny his request for a certificate of appealability. Doc. 41.

## II.    Legal Standards Governing Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. *See* FED. R. CIV. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). Finally, when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify

the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3).

To preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("*One Parcel*"). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ." *Id*. Issues raised for the first time in an objection to the PFRD are deemed waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## III.    Federal Habeas Claims under AEDPA

The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case. A petition for habeas corpus under § 2254 attacks the constitutionality of a state prisoner's conviction and continued detention. A federal court cannot grant habeas relief pursuant to § 2254(d) with respect to any claim adjudicated on the merits by a state court unless the petitioner's state-court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), there is a two-step inquiry. The threshold question is whether the applicant seeks to invoke a rule of law that was clearly established by the Supreme Court at the time the conviction became final. *Byrd v. Workman*, 645 F.3d 1159, 1165 (10th Cir. 2011); *see*

*also Williams v. Taylor*, 529 U.S. 362, 390 (2000). If the law was clearly established, then the court determines whether the state court decision was "contrary to or involved the unreasonable application of that clearly established federal law." *Byrd*, 645 F.3d at 1165 (quoting *Turrentine v. Mullin*, 390 F.3d 1181, 1189 (10th Cir. 2004)) (internal quotation marks omitted).

The term "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. A state court decision is "contrary to" Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [those] cases." *Id*. at 405. The Supreme Court has interpreted the term "contrary to" as meaning, *inter alia*, "diametrically different" and "opposite in character and nature." *Id.* Therefore, habeas relief under § 2254(d)(1) may be granted only where the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003). The state court need not cite applicable Supreme Court cases or even to be aware of such cases, "so long as neither the reasoning nor the result of the state-court decision contradicts [that precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court decision unreasonably applies Supreme Court precedent if it "identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. However, "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court . . . [applied] clearly established federal law erroneously or

incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (internal quotation marks and citations omitted). "Rather, that application must be objectively unreasonable." *Id*. at 76.

Under AEDPA, state court findings of fact are "presumed to be correct." 28 U.S.C. § 2254(e)(1). Accordingly, petitioners challenging a state court's decision based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2) must show by clear and convincing evidence that the determination was factually erroneous. *See Miller-El v. Dretke*, 545 U.S. 231, 240 (2005).

Lastly, where state courts have adjudicated a claim on its merits, federal courts are limited to reviewing the record as it stood before the state courts. *Cullen v. Pinholster*, 563 U.S. 179, 180–81 (2011) (citing § 2254(d)(1)). In other words, federal courts may not hold evidentiary hearings on claims that the state court decided on their merits. *Id.* at 181; *Littlejohn v. Trammell*, 704 F.3d 817, 857 (10th Cir. 2013). "'Adjudicated on the merits' [means] a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Wilson v. Workman*, 577 F.3d 1284, 1308 (10th Cir. 2009) (internal quotation marks omitted), *overruled on other grounds as recognized in Lott v. Trammell*, 705 F.3d 1167 (10th Cir. 2013). Thus, summary decisions, even those completely devoid of any reasoning at all, can constitute decisions "on the merits" for purposes of AEDPA. *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see also Johnson v. Williams*, 568 U.S. 289, 293 (2013). When the state's highest court offers no explanation for its decision, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

"Even if a state court resolves a claim in a summary fashion with little or no reasoning, [federal courts] owe deference to the state court's result." *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003). The Supreme Court has held that the standard is "highly deferential" to state courts and "difficult to meet," as it "demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 563 U.S. at 181 (quoting *Richter*, 562 U.S. at 101); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*); *see also Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012) ("Under [AEDPA,] a federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the [petitioner's] claims.").

For federal habeas claims not adjudicated on the merits in state courts, the Court must review the claim *de novo*, and the deferential standards of § 2254(d) do not apply. *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

## IV.    De Novo Review of Petitioner's Objections

### A. Mr. Chavez waived his argument that his claims were not adjudicated on the merits in state court; therefore, the Magistrate Judge applied the correct standard of review.

Mr. Chavez' first objects that "the Recommendations incorrectly assume, without explanation or support, that [his] claims were adjudicated on the merits, contrary to the clear factual record." Doc. 40 at 5. However, it is *petitioner's* burden to demonstrate that his claims were *not* adjudicated on the merits. *Simpson v. Carpenter*, 912 F.3d 542, 583 (10th Cir. 2018). Nor is this burden easily carried: even in a case where a state court issues an order that summarily rejects or wholly omits mention of some or all of a petitioner's federal law claims, "the federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits." *Johnson*, 568 U.S. at 293. Only "[w]hen the evidence leads very clearly to the conclusion that a federal claim was overlooked in state court [does] § 2254 entitle[] the prisoner to an unencumbered opportunity to make his case before a federal judge." *Id.* at 303.

Mr. Chavez neither argued nor demonstrated in either his original petition or his supplemental petition that his claims were not adjudicated on the merits. Consequently, each claim must be considered, as they were in the PFRD, under AEDPA's deferential standard. *See* 28 U.S.C. § 2254(d).

Mr. Chavez first argued that his claims were not adjudicated on the merits in his Reply to Respondent's Answer.[2] *Compare* Doc. 32 at 1 (the reply, arguing that "[d]espite the various filings in the New Mexico state court, most pro se, none have adjudicated the *merits* of Mr. Chavez's claims . . . .") *with* Doc. 1 (original petition, containing no argument that state court did not adjudicate his claims on the merits) *and* Doc. 22 (supplemental petition, containing no argument that state court did not adjudicate his claims on the merits). An argument raised for the first time in a reply is waived. *Pinder v. Crowther*, 803 F. App'x 165, 176 (10th Cir. 2020) ("It was therefore [petitioner's] obligation to explain to the district court in his § 2254 petition why AEDPA did not apply. Waiting until his § 2254 reply was too late."); *see also Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). As the Tenth Circuit explained in *Pinder*,

> "AEDPA's standard of review is not a procedural defense, but a standard of general applicability for all petitions filed by state prisoners after the statute's effective date presenting claims that have been adjudicated on the merits by a state court." *Gardner v. Galetka*, 568 F.3d 862, 879 (10th Cir. 2009) (ellipsis and internal quotation marks omitted). It was therefore [Petitioner's] obligation to explain to the district court in his § 2254 petition why AEDPA did not apply. Waiting until his § 2254 reply was too late.

*Pinder*, 803 F. App'x at 176.

---

[2] The Court acknowledges that petitioner raised such an argument in his state habeas petitions. However, as discussed below, petitioner's attempt to incorporate by reference the entirety of his state pleadings, without any specific citation to relevant arguments, is entirely ineffective. *Infra* at 12.

This rule applies to Mr. Chavez even though he filed his original petition pro se. As the Tenth Circuit has explained,

> This court does not ordinarily review issues raised for the first time in a reply brief. The reasons are obvious. It robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result. The rule also protects this court from publishing an erroneous opinion because we did not have the benefit of the appellee's response.

*Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). In *United States v. Carpenter*, the Court applied this rule in a federal habeas petition, holding that where an argument was first propounded in a reply brief, "it is waived, notwithstanding the fact [it is filed by] a pro se petitioner." *United States v. Carpenter*, 24 F. App'x 899, 906 (10th Cir. 2001) (unpublished) (citations omitted). The Court ratified the application of the waiver rule in habeas proceedings as recently as 2011, when it again held that a reply brief "is not a proper vehicle to raise a new issue." *United States v. Moya-Breton*, 439 F. App'x 711, 715 (10th Cir. 2011). District courts within the Tenth Circuit similarly have recognized the rule of waiver in habeas proceedings and applied it. *See, e.g.*, *United States v. Myers*, No. 12-CR-0196-02-CVE, 2016 WL 4479489, at *6–7 (N.D. Okla. Aug. 24, 2016) (unpublished) ("[T]he general rule is that arguments raised for the first time in a reply to a § 2255 motion are waived.") (citation omitted); *Rios-Madrigal v. United States*, No. 2:05-CR-691, 2010 WL 918087, at *3 (D. Utah Mar. 9, 2010) (unpublished) ("Because this argument was raised for the first time in [the petitioner's] reply brief, the argument is waived.") (citation omitted); *La Flora v. United States*, No. 03-10230-01-WEB, 2007 WL 1347694, at *1 (D. Kan. May 8, 2007) (unpublished) ("The defendant's argument raised for the first time in a reply brief is waived.") (citations omitted).

Because Mr. Chavez did not argue that his claims were not adjudicated on the merits until his reply brief, he waived this argument. His objection that the Magistrate Judge applied the wrong standard of review is overruled.

### B. Petitioner fails to show any error in the state courts' denial of his Confrontation Clause challenge to Dawn Pollaro's testimony (Ground One).

As an initial matter, neither the original petition nor the reply clearly identify the single statement[3] Eloy Montano made to his wife, Dawn Pollaro, that the trial court admitted as an excited utterance. According to the NMSC, on the day of the murder, Ms. Pollaro received a call from Mr. Montano and went home to meet him. Doc. 30-1 at 219. When she arrived home, Mr. Montano was crying and pacing, his hands were shaking, and he kept saying, "He set me up, he set me up, that fucker set me up." *Id.* It is this statement that the trial court admitted as an excited utterance. *Id.* at 219–21.

In Ground One of his § 2254 petition, Mr. Chavez argues that the trial court violated the Confrontation Clause "due to the unconstitutional admission of non-testifying co-defendant's inculpatory statements, wrongly admitted as 'excited utterances.'" Doc. 1 at 5. The entirety of Mr. Chavez's argument related to this issue is as follows:

> Trial court ruled that co-defendant's statements to his spouse, at least two hours after the commission of the crime, were "excited utterances," applying only one of the three prongs required under the *Wigmore* test utilized for establishing such an exception to the hearsay rule. The contrivance and misrepresentation of the codefendant, documented in the record, was and is the key issue. The codefendant's statements were inadmissible because he had engaged in felonious actions such as evasion and tampering with evidence between the time of the event in question and statements made to wife; they were also self-serving as the record shows.

---

[3] Although both the original petition and the reply repeatedly refer to "statements" admitted as "excited utterances," *see* Doc. 32 at 5–7, the trial court admitted only one statement as an excited utterance, and one as a present sense impression. *See* Doc. 30-1 at 131–37. Because neither the original petition nor the reply make any reference to the statement admitted as a present sense impression, the Court only addresses the statement admitted as an excited utterance.

*Id.*

To state a claim under the Confrontation Clause, Mr. Chavez must show that Eloy Montoya's statement to his wife that "[h]e set me up" was testimonial hearsay. *See Crawford v. Washington*, 541 U.S. 36, 68 (2004).[4] His allegations in Ground One, however, say nothing about testimonial hearsay and do not state a claim under the Confrontation Clause. Doc. 1 at 5.

Petitioner objects to the Magistrate Judge's PFRD "for disregarding the arguments Mr. Chavez made as to this issue in both his Supplemental Petition (in which he incorporated the facts and arguments provided in his state court habeas petitions and related filings) and his Reply." Doc. 40 at 14. None of these sources can redeem the inadequate pleading in the § 2254 petition itself.

First, while the Supplemental Petition *does* contain a discussion of the procedural history related to Ground One, *id.* at 9–10, and later contains arguments and allegations potentially relevant to a claim under the Confrontation Clause, *id.* at 14–17, at no point does it attempt to amend or otherwise refer to Ground One. The Supplemental Petition expressly raises a *separate* ineffective assistance of counsel claim and makes no mention of amending claims raised in the original petition. *See id.* at 11. It is not the Court's duty to comb through counseled briefing to find plausible pairings between Petitioner's original claims and his subsequent arguments and allegations.

---

[4] In *Crawford,* the Supreme Court held that testimonial hearsay is not admissible in a criminal trial unless the declarant is unavailable to testify and the defendant had an opportunity to cross-examine the declarant. 541 U.S. at 68. If the hearsay at issue is not testimonial in nature, its admissibility is governed by the law of hearsay. *Id.* If the statement is not hearsay, it does not implicate the Sixth Amendment. *See id.* at 59, n.9 (Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").

Second, it is even less the Court's duty to submerge itself in more than 400 pages of state habeas pleadings.[5] Mr. Chavez' single "general reference[]," *see* Doc. 22 at 11; *see also* Doc. 25, "to hundreds of pages of attached exhibits [is] insufficient to incorporate the claim[s]" contained therein. *Barnett v. Duffey*, 621 F. App'x 496, 497 (9th Cir. 2015) (citation omitted); *cf. Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) ("*clear and repeated* references to an appended supporting brief" sufficiently presented a habeas claim) (emphasis added). The Court declines to trawl through a sea of pages where Mr. Chavez has "fail[ed] to specifically identify which portions of the hundreds of pages of exhibits [he] intends to incorporate." *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 462 (E.D.N.Y. 2007); *see also Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664 (10th Cir. 1998) (district court has *discretion* to go beyond references to a voluminous record).

Finally, although the Court will liberally construe the original § 2254 petition in this case, that liberality "does not relieve [Mr. Chavez] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Bellmon*, 935 F.2d at 1110. Here, Mr. Chavez's original petition offers no explanation in law or fact as to how the admission of Dawn Pollaro's testimony violated his rights under the Confrontation Clause. *See Gray v. Netherland*, 518 U.S. 152, 162–163 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."). Although he asserts in his Reply that Mr. Montoya's statement to Ms. Pollaro that "he set me up" was testimonial, he cites to no case—much less a Supreme Court case—that suggests, much less holds, that a husband's statement to his wife is testimonial in nature. *See* Doc. 32 at 5–7. Mr.

---

[5] Any temptation that the Court might have to dip its toes into those pleadings is undermined by the fact that, by the very nature of federal habeas review under AEDPA, the vast majority of even the best-argued state pleadings would be irrelevant to a federal habeas case.

Chavez has failed to state a claim under the Confrontation Clause with respect to Ms. Pollaro's testimony. Mr. Chavez is not entitled to habeas relief on Ground One, and his objections to the Magistrate Judge's PRRD with respect to Ground One are overruled.

### C.  The Magistrate Judge correctly concluded that Petitioner failed to show state court error on his "plethora of evidence" claim. (Ground Two)

In Ground Two of his § 2254 petition, Mr. Chavez argues that the "introduction of a plethora of irrelevant and prejudicial evidence denied [him] a fair and reliable trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution." Doc. 1 at 7. The Magistrate Judge, after quoting the entirety of Mr. Chavez' argument on this claim, found that he discussed neither the state court ruling nor clearly established federal law and therefore failed to show any state court error. Doc. 36 at 15–17. The Court agrees.

Mr. Chavez' objection on this claim does not alert the Court to factual or legal issues in dispute and thus is insufficient. *See* Doc. 40 at 17–18; *One Parcel,* 73 F.3d at 1060. As he does throughout his counseled Supplemental Petition, Reply, and Objections, Mr. Chavez appears to misunderstand the standards of federal habeas review under AEDPA, which places the burden on the petitioner to overcome substantial deference to state courts. *See* 28 U.S.C. § 2254(d); *Pinholster,* 563 U.S. at 181. In his objection to the Magistrate Judge's findings on Ground Two, Mr. Chavez assumes without further argument that the Court has accepted that this claim was not adjudicated on the merits and appears[6] to assume that it is the Magistrate Judge's burden to show that state court proceedings were decided correctly. *See* Doc. 40 at 17–18. His objection on this claim, which contains no citations, is insufficient and overruled.

---

[6] Mr. Chavez' counseled briefings are inartfully drafted; the Court is doing its best here and elsewhere to discern the contours of the arguments presented.

**D.  The Magistrate Judge correctly concluded that Petitioner failed to show any error in the state court's denial of his ineffective assistance of counsel claims. (Grounds Three and Four and Supplemental Habeas Petition, Ground Five)**

Mr. Chavez raised three ineffective assistance of counsel arguments: Ground Three, Ground Four, and the argument in his Supplemental Habeas Petition, Ground Five. On Grounds Three and Four, the Magistrate Judge found that, because "Mr. Chavez neither argues nor demonstrates that the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' [or] that the state court decision resulted in a decision that was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings,'" these claims did not entitle him to relief. Doc. 36 at 20 (citing 28 U.S.C. § 2254(d)). On Ground Five, the Magistrate Judge found that, because Mr. Chavez failed to invoke AEDPA's legal standards and apply them, and instead relied primarily on New Mexico state law to attempt to show that the New Mexico state courts erred, this claim did not entitle him to relief. *Id.* at 21–23. The Court agrees on both counts and finds Mr. Chavez' objections unpersuasive.

In his objection on Grounds Three and Four, Mr. Chavez hangs his hat on "his establishing that [these Grounds] were never determined on the merits by any NM court." Doc. 40 at 19. Mr. Chavez has not established this; in fact, he has waived this issue. *See supra* at 7–9. Next, Mr. Chavez asserts that, even were his claims adjudicated on the merits, he had "already established above [that he] provided a thorough analysis of his ineffective assistance of counsel claims under *Strickland* and its progeny in his state and federal pleadings demonstrating that" the New Mexico state courts committed error under the standards of AEDPA. Doc. 40 at 19. Setting aside the conclusory and insufficient nature of this objection, the Court can find no part of the

14

Objections that establishes such an analysis, nor any part of Mr. Chavez' Reply—the only of his federal pleadings[7] that might provide such an analysis—that cites to *Strickland* or indeed any clearly established federal law. *See* Doc. 40; Doc. 32. Much like his Supplemental Petition, discussed below, the Reply repeatedly cites state law on the issue of ineffective assistance of counsel. *See id.* at 7–13. State law is irrelevant to the scope of this Court's habeas review under AEDPA. Petitioner's objections on Claims Three and Four are overruled.

On Ground Five, Mr. Chavez first objects that the Magistrate Judge addressed only the "claims and arguments made in the Supplemental Petition, disregarding the Reply and the Second State Habeas Petition . . . ." The Court agrees that the PFRD does not apparently consider either of these sources when evaluating Ground Five. *See* Doc. 36 at 21–23. However, Mr. Chavez has not properly incorporated his state pleadings, and the Court is not required to consider them. *See supra* at 12. The Reply, meanwhile, is unhelpful to Mr. Chavez' claim on Ground Five because it suffers from the same fundamental defect as the Supplemental Petition: neither contains sufficient citations to clearly established federal law. *See* Doc. 32 at 7–13; Doc. 22 at 11–31.

Next, Mr. Chavez baldly states that he is entitled to "de novo review of Ground One [sic] . . . as this claim was never adjudicated by the state court." Doc. 40 at 20. The Court assumes that Mr. Chavez intended to refer to Ground Five, which raises an ineffective assistance of counsel claim related to Dawn Pollaro's testimony. *See, e.g.*, Doc. 22 at 27–28 ("trial counsel apparently failed to apprise himself of the applicable legal authority governing the admissibility of Montano's statements made in his police interview and to Pollaro"). Nevertheless, as explained

---

[7] For reasons laid out above, *see supra* at 12, the Court will not delve into Mr. Chavez' state pleadings.

in response to his first objection, Mr. Chavez has waived the issue of adjudication on the merits regarding Ground Five by failing to raise that issue until his Reply. *Supra* at 7–9.

Mr. Chavez then asserts that, even under AEDPA's stringent standards, he should prevail for reasons "provided generally in his Supplemental Petition, Second State Habeas Petition and related filings, and specifically discussed in his Reply." Doc. 40 at 21. He proceeds to summarize the arguments made in his Supplemental Petition but addresses no specific factual or legal issues present in the PFRD. *Id.* at 21–23. This part of the objection is therefore insufficient. *See One Parcel,* 73 F.3d at 1060.

Finally, Mr. Chavez takes umbrage at the Magistrate Judge's suggestion that his Supplemental Petition "fails to cite clearly established federal law, and . . . repeatedly cites New Mexico case law" and is "merely seeking another layer of appellate review for the state courts' decisions." Doc. 40 at 23; *see id.* at 23–24. The Court agrees with Mr. Chavez that the Supplemental Petition does, in fact, cite a few federal cases. However, it agrees with the Magistrate Judge that Mr. Chavez' arguments on Ground Five, including those citations to federal caselaw and the many citations to state law, do not address the requirements of federal habeas review under AEDPA but instead recite claims nearly identical to those raised in state court in the apparent hope that this Court will step outside its statutory bounds and review those claims de novo. *See* Doc. 36 at 22–23. The Court will not; the Court overrules Mr. Chavez's objections in their entirety.

**IT IS THEREFORE ORDERED** that Mr. Chavez' Petition and Supplemental Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Docs. 1, 22) are **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**